UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| Paul Lietz,<br><br>*Plaintiff*,<br><br>v.<br><br>Robert Wilkie, Lawrence Carroll, Michael J. Murphy, David A. Wood, Andrew Wilpher, Keri Barbero, and John/Jane Does I through X, whose true identities are presently unknown,<br><br>*Defendants*. | Case No.: 1:18-CV-0554-EJL<br><br>**MEMORANDUM AND ORDER RE: MOTION TO DISMISS** |

Pending before the Court is Defendants Robert Wilkie, Michael J. Murphy, David A. Wood, Andrew Wilpher, and Keri Barbero's Motion to Dismiss. (Dkt. 15.) The motion is now ripe. Having fully reviewed the docket herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decision-making process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## BACKGROUND

On May 21, 2015, the Boise Veteran Affairs ("VA") Medical Center issued an Order of Behavioral Restriction ("OBR") for Lietz on the grounds that he demonstrated disruptive

ORDER-1

and threatening behavior towards the Boise VA Medical Center staff during a May 5, 2015 phone call to the center. The OBR required Lietz to check in with the VA police when he arrived at the Boise VA Medical Center and for Lietz to have a police escort to his medical appointments on the center's premises.

On June 15, 2015, Lietz filed an appeal of his May 21, 2015 OBR. On August 12, 2015, Lietz was reportedly informed by a Boise VA Medical Center employee that his appeal was not forwarded to the VISN-20 Network Director. On July 7, 2016, the Boise VA Medical Center revoked the May 21, 2015 OBR.

On June 6, 2017, Lietz was issued a second OBR, allegedly because the Boise VA Medical Center was concerned about Lietz's potential for violence towards VA employees due to Lietz's aggressive behavior and abusive language in his prior interactions with VA staff. The second OBR imposed the same conditions as the first one.

On June 26, 2017, Lietz filed an appeal of his second OBR and mailed a copy of his appeal to the VISN-20 Network Director. On July 20, 2017, the agency issued its initial decision. On August 31, 2017, Lietz appealed the decision. On November 2, 2017, the Office of General Counsel issued a final agency decision, denying Lietz's appeal. On May 8, 2018, Lietz filed an administrative claim regarding the second OBR, which was denied on June 19, 2018. The June 6, 2017 OBR is still in effect.

On December 13, 2018, Lietz filed the present suit against Defendants Robert Wilkie, Lawrence Carroll, Michael J. Murphy, David A. Wood, Andrew Wilpher, and Keri Barbero. The Complaint asserts eight *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), causes of action: (1) Violation of 1st

Amendment Rights to Free Speech, and Expression; (2) Violation of 1st Amendment Rights to Petition the Government for a Redress of Grievance; (3) Retaliation in Violation of the 1st Amendment; (4) Violation of 5th Amendment Rights; (5) Violation of 9th Amendment Rights; (6) Violation of 38 C.F.R. § 17.33(g); (7) Violation of C.F.R. § 17.33(i); and (8) Violation of 38 C.F.R. § 17.107.

On April 8, 2019, Defendants Robert Wilkie, Michael J. Murphy, David A. Wood, Andrew Wilpher, and Keri Barbero,[1] by and through Peter L. Wucetich, Assistant United States Attorney for the District of Idaho, filed the pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## STANDARD OF REVIEW

1. FRCP 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party." *Whisnaut v. U.S.*, 400 F.3d 1177, 1179 (9th

---

[1] Defendant Carroll is not a party to the pending motion before the Court. The other Defendants claim Carroll has not been properly served the Complaint in the case as (1) the U.S. Attorney's Office has not received authorization to accept service on behalf of Carroll and (2) Carroll was not employed by the Department of Veterans Affairs when the U.S. Attorney's Office accepted service on behalf of the other Defendants.

Cir. 2005). This tenet that allegations must be taken as true, however, does not extend to legal conclusions contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

   2. FRCP 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (internal citations omitted). In considering a Rule 12(b)(6) motion to dismiss, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009). A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

A pro se complaint is "to be liberally construed" and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) and citing the Fed. R. Civ. P. 8(f)'s, now 8(e)'s, mandate to construe pleadings so as to do justice). After *Twombly* and *Iqbal,* a court's "obligation remains, 'where the

petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc)).

## DISCUSSION

Lietz alleges eight *Bivens* causes of action against the Defendants due to the issuance of the two OBRs to Lietz, which required him to check in with VA police upon arrival at the medical center and be escorted by the VA police to his VA appointments. In Counts One through Five, he claims he was unlawfully seized and deprived of his rights to free speech, medical privacy, and due process of law in violation of the First, Fifth, and Ninth Amendments to the United States Constitution. In Counts Six through Eight he alleges Defendants violated 38 C.F.R. § 17.33(g), (i), and 38 C.F.R. § 17.107 when they failed to provide him with a summary of facts and the basis for the issuance of the OBRs, to forward the appeal to the VISN-20 Network Director for final review, and to grant him a hearing. He seeks damages, injunctive and declaratory relief, and court costs.

Defendants assert this Court lacks subject matter jurisdiction over Lietz's claims because Lietz has not asserted justiciable claims under *Bivens*, and, even if he had, the Defendants are entitled to qualified immunity. In addition, injunctive and declaratory relief are not available as a *Bivens* remedy. Defendants also assert Lietz's Complaint is devoid of factual allegations relating to specific defendants.

A *Bivens* claim is a private action against federal officials in their individual capacities for alleged violations of a plaintiff's constitutional rights, but the right to pursue such an action is qualified and not absolute. *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th

Cir. 2004). Specifically, the Supreme Court has held that a *Bivens* remedy should be inferred only if (1) there is no alternative existing process for protecting a constitutional interest, and (2) if there are no special factors counseling hesitation against a judicially created remedy. *Wilkie v. Robbins,* 551 U.S. 537, 550 (2007). Courts should "refrain[ ] from creating a judicially implied remedy even when the available statutory remedies 'do not provide complete relief' for a plaintiff that has suffered a constitutional violation.'" *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1242–43 (9th Cir. 2019) (internal quotations omitted) (alteration in original). As long as "an avenue for some redress" exists, "bedrock principles of separation of powers forclose[s] judicial imposition of a new substantive liability," such as cause of action under *Bivens*. *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1120 (9th Cir. 2009) (alteration in original) (quoting *Malesko*, 534 U.S. at 69).

The Supreme Court has inferred a *Bivens* cause of action is appropriate on only three occasions. First, the Supreme Court "held [in *Bivens*] that a victim of a Fourth Amendment violation by federal officers may bring suit for money damages against the officers in federal court." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Second, the Supreme Court authorized a cause of action under *Bivens* to redress a sex-discrimination violation of the Due Process Clause of the Fifth Amendment. *Davis v. Passman,* 442 U.S. 228 (1979). Third, the Court authorized a cause of action under *Bivens* for inadequate prison medical care in violation of the Eighth Amendment. *Carlson v. Green,* 446 U.S. 14 (1980) "Otherwise, 'the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity,' and has consistently declined to expand this limited remedy."

*Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017)). Accordingly, a *Bivens* remedy should be available only where no other option for recovery exists.

If a *Bivens* cause of action is appropriate, a plaintiff may only recover damages. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2nd Cir. 2007) ("The only remedy available in a *Bivens* action is an award of monetary damages from defendants in their individual capacities."). A court may not order federal employees to take official government action as a *Bivens* remedy. *See Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("[R]elief under *Bivens* does not encompass injunctive and declaratory relief where . . . the equitable relief sought requires official government action.").

1. *Regulatory* Bivens *Claims*

A *Bivens* cause of action may only be brought for constitutional violations, not for statutory or regulatory violations. Accordingly, Lietz's non-constitutional *Bivens* claims concerning potential violations of 38 C.F.R. § 17.33(g), (i), and 38 C.F.R. § 17.107 are dismissed with prejudice.

2. *Constitutional* Bivens *Claims*

Because Lietz's other *Bivens* claims allege constitutional violations, this Court will review whether there is any alternative, existing process available to the plaintiff that amounts to a convincing reason to refrain from creating a new *Bivens* remedy. Defendants contend the VA Immunity Statute provides an alternative remedy for the case at hand.

### a. VA Immunity Statute as an Alternative to a *Bivens* Remedy

As context for analyzing the VA Immunity Statute, the doctrine of sovereign immunity prohibits suits against the United States except in those instances in which it has specifically consented to be sued. The Federal Tort Claims Act ("FTCA") waives sovereign immunity for claims against the federal government arising from torts committed by federal employees acting within the scope of their office or employment. *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008); 28 U.S.C. § 1346(b)(1) (The United States may be held liable for such torts as "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."). However, claimants are limited in their recovery, as the FTCA "does not waive sovereign immunity for suits seeking injunctive relief, and there is no jurisdiction under the FTCA to award injunctive relief." *Johnson v. United States*, No. 13-CV-02405-JD, 2015 WL 926207, at *2 (N.D. Cal. Mar. 2, 2015), *aff'd*, 734 F. App'x 436 (9th Cir. 2018).

Section 7316(a) of the VA Immunity Statute provides a remedy under the FTCA for "damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the [VA] in furnishing health care or treatment," but that this remedy is "*exclusive* of any other civil action or proceeding by reason of the same subject matter against the health care employee (or employee's estate) whose act or omission gave rise to such claim." (emphasis added). 38 U.S.C. § 7316(a)(1), (f); *see also Tunac v. United States*, 897 F.3d 1197, 1204 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 817 (2019). As the Ninth Circuit stated, "§ 7316 makes clear that, at a minimum, a plaintiff may bring medical malpractice and negligence claims against a 'health care employee' of

the VA under the FTCA," and "the FTCA provides the exclusive means for resolving such claims[.]" *Tunac*, 897 F.3d 1197.

The language of 38 U.S.C. § 7316(a)(1) mirrors the language of 42 U.S.C. § 233(a).[2] The Supreme Court previously held in *Hui v. Castaneda*, that the text of § 233(a) precluded a *Bivens* action against the petitioners. 559 U.S. 799, 802 (2010) ("Based on the plain language of § 233(a) . . . PHS officers and employees are not personally subject to *Bivens* actions for harms . . . ."). Because the text of § 233(a) and § 7316(a)(1) mirror each other, the Court concludes that § 7316(a)(1) also precludes a *Bivens* action against VA officers and employees for harms arising out of negligent furnishing of health care or treatment.

The VA Immunity Statute also provides a remedy for intentional torts committed by VA employees. Section 7316(f) "expands § 7316(a)(1) to provide a remedy under the FTCA for intentional torts arising in the context of VA health care employees providing medical care or treatment." *Ingram v. Faruque*, 728 F.3d 1239, 1248 (10th Cir. 2013); *see also* 38 U.S.C. § 7316(f). Under § 7316(f), the exception to the waiver of sovereign immunity for certain intentional torts, 28 U.S.C. § 2680(h), does not apply to claims arising out of wrongful acts or omission of VA health care employees in furnishing medical care while acting in the scope of their employment. 38 U.S.C. § 7316(f). By rendering 28 U.S.C. § 2680(h) inapplicable, § 7316(f) allows the United States to be sued for "assault, battery,

---

[2] "The remedy against the United States provided by sections 1346(b) and 2672 of title 28 . . . shall be *exclusive* of any other civil action or proceeding by reason of the same subject-matter against the . . . employee . . . whose act or omission gave rise to [the] claim." 42 U.S.C. § 233(a) (emphases added); *accord* 38 U.S.C. § 7316(a)(1).

false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights," 28 U.S.C. 2680(h), when such claims arise in the context of VA health care employees providing medical care or treatment, 38 U.S.C. § 7316(f).

Thus, there is an adequate alternative remedy available under the VA Immunity Statute to preclude *Bivens* claims for negligent or intentional torts arising in the context of VA health care employees providing medical care or treatment. *See also Ingram v. Faruque*, 728 F.3d 1239, 1244 (10th Cir. 2013) ("[W]e hold that the text of the VA Immunity Statute creates an exclusive remedy that precludes a *Bivens* claim."). Although such an avenue may not provide complete relief for plaintiffs as plaintiffs may not sue the federal employees in their individual capacities, it is a statutory remedy that provides an avenue for some redress. The Court must next consider whether Lietz's claims fall within the scope of the VA Immunity Statute.

### b. Scope of the VA Immunity Statute

Lietz asserts both as-applied factual and facial constitutional challenges to the OBR issued to him. An OBR is issued pursuant to 38 C.F.R. § 17.107. Under § 17.107(c), the VA is required to conduct a case-by-case evaluation of the facts and circumstances surrounding a particular patient's behavioral issues. 38 C.F.R. § 17.107(c). A VA medical center's chief of staff may restrict the "time, place, and/or manner of the provision of a patient's medical care" if the chief of staff determines that "the patient's behavior at a VA medical facility has jeopardized or could jeopardize the health or safety of other patients, VA staff[.]" 38 C.F.R. § 17.107(b). The restrictions may include "requiring police escort"

or "authorizing VA providers to terminate an encounter immediately if certain behaviors occur." *Id.* Section 17.107 notes: "Although VA may restrict the time, place, and/or manner of care under this section, VA will continue to offer the full range of needed medical care to which a patient is eligible[.]" 38 C.F.R. § 17.107, Note to § 17.107.

A claim relating to the issuance and the execution of an OBR is of the same subject matter as a claim arising from the malpractice or negligence of a VA employee furnishing health care or treatment. While the OBR does not deprive or limit the substantive medical benefits to which the patient is entitled, it does affect the time, place, and/or manner of the provision of a patient's medical care. The statute defines "health care employee" as

> physician, dentist, podiatrist, chiropractor, optometrist, nurse, physician assistant, expanded-function dental auxiliary, pharmacist, or paramedical (such as medical and dental technicians, nursing assistants, and therapists), *or other supporting personnel.*

38 U.S.C. § 7316(a)(2) (emphasis added). Section 7316(a)(2) does not provide a definition for "other supporting personnel." But the phrase is not limited to "medical personnel"—in other words, it is not necessary under the statute that "other supporting personnel" must themselves be qualified to practice medicine or be regularly employed as medical personnel. *See* 38 U.S.C. § 7316(a)(2); *Ingram*, 728 F.3d at 1251 (holding VA police to be supporting personnel under the statute). Thus, employees of the VA may be "health care employee[s]" under the statute if they are employed as one of the listed types of medical personnel, *or* if they are providing support to such medical personnel "in furnishing medical care or treatment . . . while in the exercise of [their] duties in or for the Administration," 38 U.S.C. § 7316(f); *accord id.* § 7316(a)(1).

Here Lietz's claims fall within the scope of the VA Immunity Statute because when the VA employees issued and enforced the OBRs, they were supporting medical personnel in furnishing medical care and treatment at the Boise VA Medical Center. In issuing the OBRs, VA employees assessed Lietz's behavior, conduct, and temper and determined it was appropriate to require a police escort for Lietz when he visited the medical center to receive medical examinations, treatment, and care. The OBRs were to protect the safety and health of other patients and VA medical staff. Based on the facts alleged, Lietz's *Bivens* claims relate to either negligent or wrongful acts or omissions by VA employees supporting medical personnel. Either way, Lietz has a remedy available to him under the VA Immunity Statute for the alleged constitutional violations.

As Lietz's claims fall within the scope of the VA Immunity Statute, the extraordinary remedy of a *Bivens* action should not be applied here. Lietz may file suit against the United States for the actions of its federal employees, but his *Bivens* claims against individual VA personnel are dismissed with prejudice due to the Court's lack of subject matter jurisdiction.

## CONCLUSION

Given this Court lacks subject matter jurisdiction over Lietz's *Bivens* claims, it will not address the underlying merits of his claims or whether his Complaint has sufficient factual allegations relating to specific defendants.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Dkt. 15) is **GRANTED** as stated herein.

DATED: June 19, 2019

Honorable Edward J. Lodge
U.S. District Judge